UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62089-SINGHAL/STRAUSS

JOHN STEVEN GARATE and 5901 SW 162 AVE LLC,

    Plaintiffs,

vs.

TOWN OF SOUTHWEST RANCHES, FLORIDA et al.,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**DEFENDANTS** Jim Allbritton, Robert Hartmann, and Town of Southwest Ranches move to dismiss Plaintiffs' six-count Amended Complaint (DE [7]).  *See* ((Defs.' Mot. Dismiss Pls' Am. Compl. (DE [13]) ("Motion").  The Motion was referred to Magistrate Judge Strauss for a Report and Recommendation on April 16, 2025.  *See* (DE [23]).  Judge Strauss issued a Report and Recommendation on July 28, 2025, holding that the Motion should be granted in part and denied in part.  *See* (DE [31]) ("R&R").  More specifically, he recommends that this Court dismiss all of Plaintiffs' claims, except for Count II.

Defendant Robert Hartmann filed his Objection to the Report and Recommendation as to Count II (DE [32]) ("Hartmann's Objections") on August 7, 2025.  Plaintiffs filed their Objections to the Report and Recommendation (DE [33]) ("Plaintiffs' Objections") on August 11, 2025.  Defendants Jim Allbritton, Robert Hartmann, and Town of Southwest Ranches and Plaintiffs 901 SW 162 Ave LLC and John Steven Garate filed responses to the others' objections.  *See* ((Resp. Def. Robert Hartmann's Obj. R&R Count II (DE [35])

("Pls.' Resp. Obj."); *and* ((Defs.' Resp. Aug. 11, 2025, Obj. (DE [36]) ("Def's. Resp. Objs."). Thus, the matter is ripe for review.

## I.  BACKGROUND

There is no need to rework the facts, background, and applicable legal standards that were articulated by Judge Strauss.  This Court adopts Judge Strauss's description of the factual and procedural background and the applicable legal standards in the Report and Recommendation (DE [31]) and incorporates that background by reference herein.

As to Count II, Defendant Hartmann argues that (i) he was entitled to absolute immunity; (ii) he is still entitled to qualified immunity; and (iii) the Court should consider the YouTube Video referenced in the Motion.  In their Objections, Plaintiffs contend that Judge Strauss erred in finding that (i) Plaintiffs failed to plead an absence of probable cause in Count V and (ii) Hartmann is entitled to absolute immunity for Count VI.  Further, Plaintiffs posit that they should be granted leave to file a second amended complaint. This Court will address each objection in turn.

## II.  STANDARD OF REVIEW

### A.  Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made."  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636.  *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

B.  <u>Motion to Dismiss</u>

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twom*bly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty*., 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff and must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spaldi*ng, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

A. Hartmann's Objections

Hartmann argues Judge Strauss erred in failing to dismiss Count II because he is entitled to absolute immunity.[1]  (Def.'s Objs. (DE [32]), 2-4).  He contends "[his] absolute immunity from the Plaintiff's common law claim for defamation in Count VI also applies with equal force to the Plaintiff's corresponding claim in Count II for retaliation."  (Hartmann's Objs. (DE [32]), 4).  The Court disagrees.  As Garate points out, Hartmann conflates absolute immunity under Florida law with absolute immunity under federal law.  (Pls.' Resp. Obj. (DE [35]), 2).[2]  In Count VI, Garate brought a Florida state law defamation claim against Hartmann.  *See* (Am. Compl. (DE [7]), ¶¶ 137-49).  In Count II, Garate brings a federal First Amendment retaliation claim against Hartmann.  ((DE [7]), ¶¶ 94-105).  Thus, the award of absolute immunity under Florida law should not be treated the same, and even if it should, Hartmann did not raise absolute immunity in its arguments to dismiss Count II.

"A district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Hartmann did not raise absolute immunity in the Motion and does not offer any explanation as to why.  Hartmann may raise the argument at the summary judgment stage, but he should not expect the Court to entertain the assertion here.

---

[1] Plaintiff Garate (not Plaintiff 901 SW 162 Ave LLC) brings Count II against Defendant Hartmann.  (Am. Compl. (DE [7]), ¶¶ 94-105).

[2] "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law."  *Martinez v. State of Cal.*, 444 U.S. 277, 284, 100 S. Ct. 553, 558, 62 L. Ed. 2d 481 (1980) (citing *McLaughlin v. Tilendis*, 398 F.2d 287, 290 (7th Cir. 1968)).

Hartmann also contends Judge Strauss erred when he denied his claim of qualified immunity. (Def.'s Objs. (DE [32]), 4-7). Judge Strauss found that the Eleventh Circuit's decision in *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019), put Hartmann on notice that his actions violated Garate's constitutional rights. *See* (R&R (DE [31]), 28). In his Objections, Hartmann posits that he was entitled to qualified immunity because *Echols* did not involve parties who were entitled to absolute immunity. Hartmann argues that since he is entitled to absolute immunity, *Echols* is not on point and therefore did not put him on notice that his actions would have violated a clearly established right. Since he lacked notice, he contends he is entitled to qualified immunity. The fact that the defendant in *Echols* wasn't entitled to absolute immunity doesn't affect Hartmann's entitlement to qualified immunity. By making this argument, Defendant attempts to hide the novelty of his absolute immunity argument in his evaluation of *Echols*. The Court will not accept this faulty logic.

Finally, Hartmann argues that this Court consider the YouTube video of the Town Council meeting. (Def.'s Obj. (DE [32]), 9-10). This objection is not a legal argument sufficient to merit this Court's dismissal of Count II. Hartmann doesn't connect the video to the findings of the R&R or explain how watching the video would prompt this Court to dismiss Count II of Plaintiffs' Amended Complaint.

B. Plaintiffs' Objections

1. *Count V*

Regarding Count V,[3] Garate argues (i) it is premature to determine the absence of probable cause at the motion to dismiss stage; (ii) even if review was proper, the probable

---

[3] Plaintiff Garate (not Plaintiff 901 SW 162 Ave LLC) brings Count V against Defendant Allbritton. (Am. Compl. (DE [7]), ¶¶ 124-36).

cause analysis isn't applicable since the conduct in question was not prosecutorial by nature; and (iii) *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019), is inapplicable because "there was no intervening decision-maker, with prosecutorial authority, capable of breaking the causal chain between Allbritton's retaliatory animus and the enforcement action." (Pls.' Objs. (DE [33]), 2-7).

The R&R draws heavily on *Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006), and *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, to conclude that Count V should be dismissed for Garate's failure to plead an absence of probable cause. *See* ((DE [31]), 29). Since *Hartman* and *DeMartini* involve motions for summary judgment, Garate argues that it is premature for this Court to determine the absence of probable cause at this stage of litigation. (Pls.' Objs. (DE [33]), 2). But, both *Hartman* and *DeMartini* establish that the absence of probable cause must be plead as an element of a plaintiff's claim. *See Hartman*, 547 U.S. at 265-66 ("Because showing an absence of probable cause will have high probative force, and can be made mandatory with little or no added cost, it makes sense to require such a showing as an element of a plaintiff's case, and we hold that it must be pleaded and proven."); *see also DeMartini*, 942 F.3d 1277 (same). Courts in this District have dismissed claims at the motion to dismiss stage where a plaintiff failed to plead the absence of probable cause. *See, e.g., Daniels v. Town of Palm Beach*, 2025 WL 2390511 (S.D. Fla. Aug. 18, 2025) (dismissing First Amendment Retaliation claim where plaintiff failed to sufficiently plead the absence of probable cause) (Rosenberg, J.). The Eleventh Circuit has held a plaintiff must *plead* the absence of probable cause, and thus, dismissal of Count V on these grounds is not premature.

Next, Garate argues that the probable cause analysis is not applicable because the conduct at issue involves non-prosecuting officials engaged in non-prosecutorial conduct. (Pls' Objs. (DE [33]), 3-6). This Court disagrees. As Judge Strauss held in the R&R, "Allbritton – is the accuser urging the prosecution for the code violation by lodging a complaint. He is not the prosecutor himself; that is the Town's attorney and other 'code officers.'" (DE [31]) (citing (Am. Compl., (DE [7]), ¶¶ 35, 132). The Town Attorney, Keith Poliakoff, and Director of Development Services and Code Compliance, Julio Medina, "demanded full repayment of the fines" against Garate. (Am. Compl., (DE [7]), ¶¶ 35); *see also* ((DE [7]), ¶ 132) ("Allbritton, through instruction to Mr. Medina, initiated the code enforcement violation."). Contrary to Garate's assertions, the law does not require that a criminal prosecutor be involved, nor does it exclude the enforcement of civil violations. *See, e.g., Town of Palm Beach*, 2025 WL 2390511 at *7 ("Plaintiffs have alleged a retaliatory civil prosecution—pursuing code enforcement against Daniels—by the Town."). Thus, this Court rejects the argument that the probable cause analysis is inapplicable to Count V.

Third, Garate contends that *DeMartini* is inapplicable because "there was no intervening decision-maker, with prosecutorial authority, capable of breaking the causal chain between Allbritton's retaliatory animus and the enforcement action." (Pls.' Objs. (DE [33]), 6). The Court is thoroughly unpersuaded. In *DeMartini*, the Eleventh Circuit held the presence of probable cause defeated the plaintiff's First Amendment retaliation claim because independent counsel recommended the filing of the lawsuit. *DeMartini*, 942 F.3d at 1305. Garate posits that since there was no intervening decision-maker available to break the causal chain, *DeMartini* is inapposite. Simply because a condition

7

is sufficient to show probable cause does not mean the existence of that factor is necessary to show its absence.  The Court rejects Garate's third argument and affirms Judge Strauss's finding that Count V be dismissed.

2. Count VI

Regarding Count VI,[4] Garate contends Hartmann did not act within the scope of his official duties as town council member.  (Pls.' Objs. (DE [33]), 14).  Objections are "improper" if they amount to "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge," as the "parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]." *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.) (quoting *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.)).  Garate rehashes old arguments from his Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint with Incorporated Memorandum of Law (DE [19]).  *Compare* (Resp. Opp. Defs' Mot. Dismiss Pls.' Am. Compl. Incorporated Mem. Law (DE [19]), 15) ("[T]he defamatory statements made by Mr. Hartmann were not within the scope of his official duties, and indeed, the decision to deploy police presence at Town Council meetings is not within the purview of the Town Council but rather falls under the authority of the Town Administrator."); *with* ((Pls.' Objs. (DE [33]), 8) ("The duty to address police presence is specially conferred upon the Town Administrator. This conduct is not within Hartmann's or the Council's legislative functions and is at best, incidentally related to legislative affairs.") (citation omitted).  This Court will not permit Garate to take a second bite at the apple.

---

[4] Plaintiff Garate (not Plaintiff 901 SW 162 Ave LLC) brings Count VI against Defendant Hartmann.  (Am. Compl. (DE [7]), ¶¶ 137-49).

8

### 3. This Court Will Not Grant Leave to Amend

Plaintiffs ask this Court to grant them leave to file a second amended complaint. As this Court has already informed Hartmann, "[a] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Plaintiffs did not seek leave to amend in their Response in Opposition to Defendants' Motion to Dismiss, and they cannot do so here. Further, Plaintiffs' request to amend is procedurally improper. "A party who moves to amend a pleading shall attach the original of the amendment to the motion." S.D. Fla. L. R. 15.1 (2025); *see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). After reviewing both Plaintiffs' and Defendant's Objections, this Court affirms and adopts Judge Strauss's R&R conclusions.

### IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that the Report and Recommendation (DE [31]) is **AFFIRMED** and **ADOPTED**. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (DE [13]) is **GRANTED IN PART AND DENIED IN PART**. It is **FURTHER ORDERED** that both Hartmann's Objection to the Report and Recommendation as to Count II (DE [32]) and Plaintiffs' Objections to the Report and Recommendation (DE [33]) are **OVERRULED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of September 2025.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE